UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Dominque Edgerson,

    Plaintiff,

v.                                       Case No.  10-14954

Blake Matatall,                    Sean F. Cox
                                                       United States District Court Judge

    Defendant.
_____/

**OPINION & ORDER
ON MOTIONS IN LIMINE**

This § 1983 excessive-force case is scheduled for trial on January 15, 2014.  The only remaining claim is an excessive-force claim against Defendant Police Officer Blake Matatall. On January 15, 2014, this Court heard two motions in limine filed by the parties.

For the reasons set forth below, the Court shall GRANT IN PART AND DENY IN PART Plaintiff's Motion in Limine.  The Court shall grant the motion to the extent that the Court shall preclude the admission of the following evidence at trial: 1) evidence of Plaintiff's 2007 felony conviction for destroying property (and any incarceration relating to same); and 2) Plaintiff's juvenile conviction for disturbing the peace (and any incarceration relating to same). Plaintiff's motion shall be denied in all other respects and the Court shall rule that Plaintiff's convictions for driving without a license, resisting arrest, fleeing and eluding, and possession of marijuana are admissible.  In addition, the Court shall rule that evidence as to Plaintiff's marijuana use is relevant.

The Court shall GRANT Defendant's Motion in Limine and shall preclude admission of

1

the following evidence at trial: 1) evidence of other civil litigation, or complaints, involving Defendant Matatall; and 2) the City of Southfield's policies, procedures, and guidelines.

Finally, the Court OVERRULES Plaintiff's oral objection, made on January 15, 2014, to Defense Counsel playing a four-minute video of the automobile chase in connection with Defendant's opening argument.

## BACKGROUND

On December 14, 2010, Plaintiff Dominique Edgerson filed this action against Defendants City of Southfield, and two of its police officers, Blake Matatall, and Lawrence Porter. Plaintiff's complaint asserted the following claims: "Violation of the Fourth Amendment 42 U.S.C. § 1983 – Excessive Force" (Count I); "Gross Negligence" (Count II); and "City of Southfield's Constitutional Violations" (Count III). Plaintiff's complaint alleges the following underlying facts:

> 10. In the early afternoon hours of December 19, 2007, Plaintiff and another individual were in an automobile and driving in the City of Southfield.
> 11. A car chase ensued, and the vehicle Plaintiff was in came to a stop in the City of Detroit.
> 12. Plaintiff exited the vehicle and began to run away from Defendants.
> 13. During this time, Defendant Porter radioed that Plaintiff was armed with a weapon, which was not true.
> 14. Plaintiff did not have any weapon on his person during the incident complained of.
> 15. After Plaintiff was approximately ten (10) feet from the automobile he was in, he slipped and fell on some ice that was on the ground.
> 16. When Plaintiff fell, he fell on his stomach, and his hands were over his head, with a cell phone on the ground next to him; yet Defendant Matatall shot him.
> 17. When Plaintiff fell and was on the ground, Defendant Matatall open fired on him, hitting him numerous times, even though Plaintiff did not have a gun on his person and never made any threatening gestures.

(Compl. at 2-3).

Following the close of discovery, Defendants filed a Motion for Summary Judgment. In an Opinion & Order issued on May 23, 2012, this Court granted the motion in part and denied it in part. This Court dismissed all claims with the exception of the excessive force claim against Defendant Matatall asserted in Count I of the Complaint.

Plaintiff's § 1983 claim against Defendant Matatall is now proceeding to a jury trial. The parties filed two motions in limine:  1) Plaintiff's Motions in Limine to Preclude Certain Evidence from Trial (Docket Entry No. 45); and 2) Defendant's Motion in Limine (Docket Entry No 46).

On January 10, 2014, Plaintiff filed an "Amended Motions In Limine" (Docket Entry No. 50), wherein Plaintiff narrows his requested relief as some of the issues have been resolved. (*Id.* at 1 n.1).

## ANALYSIS

I.   **Standards Applicable To These Motions**

   A.   **Relevance**

"Evidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Fed. R. Evid. 401.

"Relevant evidence is admissible unless any of the following provides otherwise:" 1) the United States Constitution; 2) a federal statute; 3) these rules; or 4) other rules prescribed by the Supreme Court.  Fed. R. Evid. 402.

   B.   **Unfair Prejudice Under Fed. R. Evid. 403**

Rule 403 of the Federal Rules of Evidence provides that the court "may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issue, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403.

### C. Admission Of Evidence Under Fed. R. Evid. 404(b)

"Rule 404(b) bars the admission of 'propensity evidence,' defined as '[e]vidence of a crime, wrong, or other act . . . To prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." *Flagg v. City of Detroit,* 715 F.3d 165, 175 (6th Cir. 2013) (quoting Fed. R. Evid. 404(b)(1)). "However, it permits the admission of prior 'bad acts' for other purposes, 'such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident.'" *Id*. (quoting Fed. R. Evid. 404(b)(2)).

"The Rule 404(b) inquiry consists of three parts. First, the trial court must make a preliminary determination as to whether sufficient evidence exists that the prior act occurred. Second, the district court must make a determination as whether the 'other act' is admissible for a proper purpose under Rule 404(b). Third, the district court must determine whether the 'other acts' evidence is more prejudicial than probative under Rule 403." *United States v. Mack*, 258 F.3d 548, 554 (6th Cir. 2001); *see also Flagg*, 715 F.3d at 176.

In *United States v. Merriweather*, 78 F.3d 1070 (6th Cir. 1996), the Sixth Circuit set forth the proper procedure for a making a Rule 404(b) determination:

> Upon objection by the defendant, the proponent of the evidence, usually the government, should be required to identify the *specific* purpose or purposes for which the government offers the evidence of "other crimes, wrongs, or acts." By

> so requiring, we do not mandate hyper technicality. It is true that whether 404(b) evidence is admissible for a particular purpose will sometimes be unclear until late in the trial because whether a fact is "in issue" often depends on the defendant's theory and the proofs as they develop. Nevertheless, the government's purpose in introducing the evidence must be to prove a fact that the defendant has placed, or conceivably will place, in issue, or a fact that the statutory elements obligate the government to prove.
>
> After requiring the proponent to identify the specific purpose for which the evidence is offered, the district court must determine whether the identified purpose, whether to prove *motive* or *intent* or *identity* some other purpose, is "material"; that is, whether it is "in issue" in the case. If the court finds it is, the court must *then* determine, before admitting the other acts evidence, whether the probative value of the evidence is substantially outweighed by the danger of unfair prejudice under Rule 403. If the evidence satisfies Rule 403, then, after receiving the evidence, the district court must "clearly, simply, and correctly" instruct the jury as to the *specific* purpose for which they may consider the evidence. *Johnson,* 27 F.3d at 1193.

*Id.* at 1076-77 (emphasis in original).

For each 404(b) challenge, the Court must consider: 1) whether there is sufficient evidence the prior act occurred; 2) whether there is a proper purpose for the evidence; and 3) whether the evidence is more prejudicial than probative.

### D.     Admission Of Evidence Under Fed. R Evid. 609

Rule 609 of the Federal Rules of Evidence governs impeachment by evidence of a criminal conviction and provides, in pertinent part:

> (a) In General.  The following rules apply to attacking a witness's character for truthfulness by evidence of a criminal conviction:
>     (1) for a crime that, in the convicting jurisdiction, was punishable by death or by imprisonment for more than one year, the evidence:
>         (A) must be admitted, subject to Rule 403, in a civil case or in a criminal case in which the witness is not a defendant;
>
> . . . .
>         (2) for any crime regardless of the punishment, the evidence must be admitted if the court can readily determine that establishing the elements of the crime required proving – or the witness admitting – a dishonest act

>or false statement.

Fed. R. Evid. 609(a). Rule 609 contains the following limit on use of evidence after ten years:

>(b) Limit on Using the Evidence After 10 Years. This subdivision (b) applies if more than 10 years have passed since the witness's conviction or release from confinement for it, whichever is later. Evidence of the conviction is admissible only if:
>>(1) its probative value, supported by specific facts and circumstances, substantially outweighs it prejudicial effect; and
>>(2) the proponent gives an adverse party reasonable written notice of the intent to use it so that the party has a fair opportunity to contest its use.

Fed. R. Evid. 609(b).

Finally, Rule 609 provides that a juvenile adjudication is admissible only if "it is offered in a criminal case." Fed. R. Evid. 609(d).

### E. Admission Of Evidence Under Fed. R. Evid. 608(b)

Rule 608(b) of the Federal Rules of Evidence governs admissibility of evidence regarding a witness's character for truthfulness or untruthfulness, as to specific instances of conduct, and provides as follows:

>(b) Specific Instances of Conduct. Except for a criminal conviction under Rule 609, extrinsic evidence is not admissible to prove specific instances of a witness's conduct in order to attack or support the witness's character for truthfulness. But the court may, on cross-examination, allow them to be inquired into if they are probative of the character for truthfulness or untruthfulness of:
>
>>(1) the witness; or
>
>>(2) another witness whose character the witness being cross-examined has testified about.
>
>By testifying on another matter, a witness does not waive any privilege against self-incrimination for testimony that relates only to the witness's character for truthfulness.

Fed. R. Evid. 608(b).

**II.     Plaintiff's Motion in Limine (Docket Entry No. 50)**

In his Motion in Limine, Plaintiff asks the Court to preclude the admission of evidence regarding the following:

a.  Plaintiff's 2007 charge of larceny from a motor vehicle which occurred in 2007 in Harper Woods (Plaintiff pleaded guilty (felony) to destroying property and received probation and HYTA (The Home Youthful Training Act);

b.  Plaintiff's finding of guilt by a jury regarding criminal charges arising out of the incident complained of, including but not limited to: resisting arrest, fleeing and eluding, and driving without a license;

c.  Plaintiff's use of marijuana (Plaintiff pled guilty in Oakland County Circuit Court for possession of three little bags of marijuana);

d.  Plaintiff's criminal history (Plaintiff had a disturbing the peace charge when he was 17); After the incident complained of, Plaintiff had to take an assaultive offenders class (due to resisting arrest charge); (driving without a license charge in 2008);

e.  Plaintiff's incarcerations (Plaintiff has been incarcerated in the Michigan Department of Corrections and the Oakland County Jail).

(Pl.'s Am. Motion at 2). Plaintiff asks the Court to preclude admission of that evidence pursuant to Rules 401, 402, 403, 404 and 609 of the Federal Rules of Evidence.

**A.     Plaintiff's Convictions Of Driving Without A License, Resisting Arrest, Fleeing And Eluding, And Possession Of Marijuana, That Arose Out Of The Underlying Events**

Following the events underlying this case, Plaintiff went to trial and was convicted of driving without a license, resisting arrest, and fleeing and eluding. Plaintiff also pleaded guilty to possession of marijuana. (*See* Exs. 8 & 9 to Def.'s Resp. Br.). Plaintiff seeks to preclude evidence of those convictions under Rules 401, 401, 403, 404(b), and 609.

At pages 5 to 7 of his motion, Plaintiff argues that no contest pleas to resisting and

7

obstructing do not defeat a civil rights claim for excessive force, and the same reasoning should apply in a case where a jury found the Plaintiff guilty of such an offense. But Defendant has not sought to dismiss Plaintiff's excessive force as barred by his jury convictions. Plaintiff then makes the leap that the cases cited "support Plaintiff's position that the jury convictions should not be brought as evidence in the trial of his matter." (*Id*. at 7). Just because his excessive force claim is not barred by virtue of his jury convictions for resisting arrest, etc. that does not mean that evidence of those convictions should be precluded as either irrelevant or unfairly prejudicial.

### 1. Should The Convictions Be Admitted Under Rule 404(b)?

Because the 404(b) analysis contains an analysis of relevance and unfair prejudice, the analysis comes down to one under Rule 404(b). The Court must consider whether: 1) there is sufficient evidence the prior acts occurred; 2) there is a proper purpose for the evidence; and 3) the evidence is more prejudicial than probative.

It appears undisputed that there is sufficient evidence that these acts occurred, as Plaintiff pleaded guilty to the marijuana charge and was convicted of the other offenses after a trial.

The Court must then determine if there is a proper purpose for the evidence. Defendant directs the Court to *Greene v. Distelhorst,* 116 F.3d 1480 (6th Cir. 1977), and asserts that evidence of the convictions are admissible for the purpose of placing the events surrounding Plaintiff's arrest in the proper context.

Although the *Greene* opinion is unpublished, it is strikingly similar to the facts of this case and this Court finds it persuasive.

In *Greene*, the plaintiff William Greene brought a § 1983 claim following his arrest. He claimed the officers used excessive force in arresting him. Greene was convicted of resisting

arrest and drug charges, which stemmed from drugs found on his person during the arrest. Greene then filed his § 1983 case. Greene, like Plaintiff here, filed a motion in limine asking the trial court to preclude evidence of his convictions for resisting arrest and drug abuse pursuant to Fed. R. Evid. 404(b) and 609. The trial court denied the motion and allowed evidence of the convictions at trial.

Greene appealed and the Sixth Circuit affirmed the trial court's rulings. In doing so, the Court stated, "[w]e conclude that the evidence was not admitted for impeachment purposes, but rather to place the events surrounding Greene's arrest in the proper context and to show motive for his conduct." *Id*. at *2. The court explained:

> **The evidence which Green sought to exclude in his first two motions in limine is not, strictly speaking, evidence of "other crimes,"** and does not fit neatly into a Rule 404(b) analysis. The arrest that Green was convicted of resisting is the very arrest that Greene here contends was unlawful and accompanied by means of the use of excessive force. Whether an arrest involved the excessive use force is determined by applying the standard of objective reasonableness to the specific conduct of the arresting officers in the context of the facts and circumstances actually present in the particular case. *Graham v. Connor,* 490 U.S. 386, 388 (1989). The drug abuse conviction was based on the drugs that Greene had on his person when he was arrested. **Thus, this criminal activity was part and parcel of the arrest of which Greene now complains, not "other crimes" unrelated in time and place**. Evidence of this activity, except for the fact of conviction, hardly could have been excluded without denying these defendants the right to present their defense.
> . . . .
> **We find that evidence of Greene's conduct leading to his arrest on July 16, 1993, and the convictions stemming from that arrest were admissible to provide the jury with a full account of the events giving rise to Greene's present claims and to demonstrate Greene's motive to run, hide, and resist arrest.** . . The drug abuse conviction was based on the marijuana found in Greene's possession at the time of arrest and was admissible for the purpose of demonstrating Greene's motive to flee and resist arrest and the officers' motive to maintain pursuit. The conviction for resisting arrest was admissible for two reasons: first, the circumstances surrounding that arrest were critical to the determination of whether the officers used excessive force in arresting Greene; and second, because Greene was found guilty of resisting arrest, he was precluded

9

>from relitigating that issue in this action.
>
>Having reviewed the record, we further conclude that the district court did not abuse its discretion in rejecting Greene's argument that this evidence was more prejudicial than probative. **Because the evidence was necessary to provide the jury with a full account of the events surrounding Greene's claims against the City and the police officers, it was admissible for that legitimate purpose**, and the district court did not abuse its discretion in admitting it for that limited purpose.

*Id.* at 3-4 (emphasis added).

This Court agrees with Defendant that, like the situation in *Greene*, evidence of Plaintiff's conduct leading to his arrest on December 19, 2007, and the convictions stemming from that arrest, are admissible to provide the jury with a full account of the events giving rise to Plaintiff's excessive force claim and to demonstrate Plaintiff's motive to run, hide, and resist arrest, as well as assessing the reasonableness of Officer Matatall's use of force. Thus, the Court finds that Defendant has established a proper purpose for the admission of evidence of Plaintiff's convictions for driving without a license, resisting arrest, fleeing and eluding, and possession of marijuana, that arose out the underlying events of this case.

Finally, under the third step of the analysis, this Court also concludes that the probative value of this evidence is not outweighed by the danger of unfair prejudice under Rule 403.

Because this evidence satisfies Rule 403, then, after receiving the evidence at trial, this Court shall instruct the jury as to the specific purpose for which they may consider this evidence. *Johnson,* 27 F.3d at 1193.[1]

Accordingly, Plaintiff's motion in limine seeking to exclude evidence of these

---

[1]The Court directs Defense Counsel to met and confer, at Court, at 8:00 a.m. on January 16, 2014, in order to draft a mutually agreeable limiting instruction, to be submitted to the Court at 8:30 a.m. on January 16, 2014.

10

convictions shall be DENIED and the Court shall RULE that evidence of these convictions is admissible under Fed. R. Evid. 404(b).[2]

**B.      Plaintiff's 2007 Felony Conviction For Destroying Property**

Plaintiff's 2007 Felony Conviction is being challenged as: 1) not relevant; 2) unduly prejudicial; 3) prohibited by Fed. R. Evid. 404(b); and 4) prohibited by Fed. R. Evid. 609.

### 1.      Should The Conviction Be Admitted Under Rule 404(b)?

Because the 404(b) analysis contains an analysis of relevance and unfair prejudice, the analysis comes down to one under Rule 404(b). The Court must consider whether: 1) there is sufficient evidence the prior act occurred; 2) there is a proper purpose for the evidence; and 3) the evidence is more prejudicial than probative.

Plaintiff's brief states that Plaintiff's 2007 larceny charge resulted in Plaintiff pleading guilty to felony destruction of property. Thus, it appears undisputed that there is sufficient evidence that the prior act occurred.

Next, the Court must consider whether there is a proper purpose for the evidence. As the proponent of the evidence, Defendant is required to identify the specific purpose or purposes for which he seeks to offer the evidence. *Id.* After he does so, the Court determines whether each purpose identified by Defendant is "material"; that is, whether it is "in issue" in the case. *Id.*

Here, Defendant contends that this conviction, and the fact that Plaintiff was on probation as a result of it, is being offered to show Plaintiff's motive in attempting to escape the police. Defendant contends that "[t]he backdrop in the present case is that prior to the shooting, Plaintiff

---

[2]Plaintiff's motion also sought to preclude evidence of these convictions, for impeachment purposes, under Fed. R. Evid. 609. Given the above ruling, however, the Court need not address that argument.

11

was involved in a high speed car chase, which continued on foot. Why Plaintiff was attempting to escape arrest is necessary to the jury's understanding of how Plaintiff behaved in the present case, which is a material fact in dispute." (Def.'s Br. at 3).

Notably, however, Defendant is already providing the jury with evidence of Plaintiff's motive in attempting to escape the police on the night in question, via his criminal convictions that arose out of the events underlying this case – for driving without a license, and possession of marijuana. Evidence of Plaintiff's 2007 conviction for destruction of property, and his probation status from same, would be cumulative. Thus, even if Plaintiff's 2007 conviction for destruction of property is relevant, the Court shall exclude it under Fed. R. Civ. P. 403 because it is more prejudicial than probative.

### 2. Should The Conviction Be Admitted Under Rule 609?

Pursuant to Rule 609, for any adult conviction punishable by more than a year, that is less than 10 years old, the conviction is admissible for impeachment purposes unless the Court finds that it should be precluded under Rule 403. Fed. R. Evid. 609(a)(1). Plaintiff's felony guilty plea in Harper Woods falls under this category. Again, this Court views this conviction as more prejudicial than probative. Thus, this conviction shall not be allowed for impeachment purposes under Rule 609.

### C. Plaintiff's Use Of Marijuana

Plaintiff seeks to preclude admission of any evidence regarding Plaintiff's use of marijuana. Plaintiff's brief notes that Plaintiff pleaded guilty in Oakland County Circuit Court of possession of three little bags of marijuana. But Plaintiff wants both evidence of the

conviction, and evidence of Plaintiff's marijuana use excluded.

In response, Defendant contends that evidence of "Plaintiff's marijuana use" is "relevant to his state of mind and ability to accurately recall the events that transpired on the night in question. He contends the evidence is therefore admissible and he should be able to examine Plaintiff regarding his drug use. Defendant directs the Court to *Roberts v. Hollocher*, 664 F.3d 200, 203 (8th Cir. 1981) (rejecting challenge to cross-examination regarding use of marijuana in § 1983 case, stating that the cross-examination was "relevant to [the plaintiff's] physical state at the time of the alleged incidents and to his ability to accurately recall those incidents.")

As stated above, the Court is ruling that evidence of Plaintiff's marijuana conviction is admissible. The Court shall also rule that evidence as to Plaintiff's marijuana use is relevant and admissible at trial. Plaintiff's marijuana use is relevant as to his ability to accurately recall the events that transpired. And the Court concludes that this evidence is more probative than prejudicial and therefore rejects Plaintiff's 403 argument.

### D. Plaintiff's Disturbing The Peace Charge At 17 Years Old

Plaintiff seeks to exclude evidence of his juvenile conviction for disturbing the peace, under Fed. R. Evid. 609.

Defendant's response brief indicates that Defendant does not intend to introduce evidence as to this conviction unless raised on direct examination.

Fed. R. Evid. 609 provides that a juvenile adjudication is admissible only if "it is offered in a criminal case." Fed. R. Evid. 609(d). Because this is not a criminal case, no juvenile adjudications are admissible at trial for impeachment purposes. Thus, evidence as to Plaintiff's disturbing the peace conviction at age seventeen is inadmissible during trial.

### E. Plaintiff's Incarcerations

Plaintiff also seeks to exclude any evidence regarding Plaintiff's "incarcerations." He contends that this evidence is irrelevant.

In response, Defendant states: "Plaintiff seeks to exclude evidence of his incarceration in the Michigan Department of Corrections and the Oakland County Jail. Plaintiff's incarceration is subsumed within the fact that he was convicted as a result of his action in this case. Therefore, Plaintiff's incarceration is admissible as is his conviction out of this case." (Def.'s Br. at 11).

The Court agrees.

### III. Defendant's Motion in Limine (Docket Entry No. 46)

In its Motion in Limine, Defendant Matatall asks the Court to exclude the following evidence: 1) evidence of other civil litigation, or complaints, involving Defendant Matatall; and 2) the City of Southfield's policies and procedures. He asks the Court to exclude that evidence under Rules 104, 401, 402, 404, and 608 of the Federal Rules of Evidence.

#### A. Should The Court Exclude Evidence Of Civil Litigation, Or Complaints, Involving Matatall Under Fed. R. Evid. 404(b)?

Defendant contends that evidence of any prior lawsuits that he was involved with are irrelevant as they would not aid in the determination of whether Defendant violated Plaintiff's constitutional rights by using excessive force on the night in question. Defendant contends that the finder of fact must use the standard set forth in *Graham v. Connor,* 490 U.S. 386 (1989) to make that determination. He contends this evidence should be excluded under Fed. R. Evid. 401 and 402.

Defendant also contends this same evidence is inadmissible under Fed. R. Evid. 404(b). Defendant asserts that evidence of other civil litigation brought against him is in admissible

14

because it would be offered for the purpose of prejudicing the jury by attempting to establish the alleged bad character of Officer Matatall and that he was likely to acted the same way during Plaintiff's arrest. He argues the same as to any citizen complaints previously made about him.

Because the 404(b) analysis contains an analysis of relevance and unfair prejudice, the analysis comes down to one under Rule 404(b). This Court must consider whether: 1) there is sufficient evidence the prior act occurred; 2) there is a proper purpose for the evidence; and 3) the evidence is more prejudicial than probative.

As the proponent of the evidence, Plaintiff has the burden of establishing is admissibility. Plaintiff's brief does not address whether or not there is sufficient evidence that the prior acts (i.e., the acts alleged in the three prior cases alleging excessive force by Matatall) occurred.

Plaintiff also has to show a proper purpose for the evidence. As the proponent of the evidence, Plaintiff is required to identify the specific purpose or purposes for which he seeks to offer the evidence. After he does so, the Court determines whether each purpose identified by Plaintiff is material; that is, whether it is in issue in the case.

Here, Plaintiff asserts that these prior lawsuit are relevant "to show motive and/or intent to harm citizens. Such evidence will be used to show that Defendant Matatall has a pattern of violating citizens' civil rights with respect to the use of excessive or unreasonable force." (Pl.'s Resp. Br. at 4).

The Court finds that is not a proper purpose. Prior lawsuits alleging excessive force, under different facts and circumstances, do not establish a "motive" for Matatall to have used excessive force in this case. And the second sentence above shows that this evidence is sought to be used precisely for the reason behind 404(b) – that if the person engaged in this conduct

15

before he must have engaged in it here too.

Moreover, even if Plaintiff could articulate a proper purpose for this evidence, the Court finds that the prejudicial effect of this evidence would outweigh any probative value.

Accordingly, the Court shall rule that Plaintiff cannot offer evidence at trial as to prior civil litigation, or complaints, against Matatall under Fed. R. Evid. 404(b).

### C. Should The Court Exclude Evidence Of Civil Litigation Involving Matatall Under Fed. R. Evid. 608(b)?

Rule 608(b) of the Federal Rules of Evidence governs admissibility of evidence regarding a witness's character for truthfulness or untruthfulness, as to specific instances of conduct, and provides as follows:

> (b) Specific Instances of Conduct. Except for a criminal conviction under Rule 609, extrinsic evidence is not admissible to prove specific instances of a witness's conduct in order to attack or support the witness's character for truthfulness. But the court may, on cross-examination, allow them to be inquired into if they are probative of the character for truthfulness or untruthfulness of:
>
> > (1) the witness; or
> >
> > (2) another witness whose character the witness being cross-examined has testified about.
>
> By testifying on another matter, a witness does not waive any privilege against self-incrimination for testimony that relates only to the witness's character for truthfulness.

Fed. R. Evid. 608(b).

Defendant contends that Plaintiff should be precluded, pursuant to Fed. R. Evid. 608(b), from seeking to introduce prior litigation involving him. Matatall asserts that "Plaintiff does not intend to proffer the evidence of prior litigation in an attempt to show that Officer Matatall is dishonest, since none of the litigation shows this, but rather to prejudice the jury. Therefore,

16

since the evidence of civil litigation brought against Officer Matatall does not directly challenge the honesty or truthfulness of Officer Matatall, it should be excluded under Rule 608." (Def.'s Br. at 14).

In response, Plaintiff asserts that Fed. R. Evid. 608 is "not applicable to the evidence at issue." (Pl.'s Resp. Br. at 5).

Thus, Plaintiff does not intend to offer such evidence via Fed. R. Evid. 608 and this issue is therefore moot.

**D.     Should The Court Preclude Admission Of The Policies And Procedures of The City Of Southfield As Irrelevant?**

Defendant Matatall asserts that the policies, procedures, and guidelines of the Southfield Police Department are irrelevant to this case because no claims exist against the City and the policies, procedures, and guidelines do not set forth the standard for liability in this case. In other words, he argues those materials have no consequence to the resolution of the sole issue for trial – whether Officer Matatall used excessive force when arresting Plaintiff on the date in question.

In response, Plaintiff argues:

The Southfield Use of Force policy is relevant whether or not the City of Southfield is a Defendant or not. The policy presumably is written in accordance with the principles as set forth in *Graham v. Connor*. Therefore, the policy sets forth a minimum standard as to issues underlying the use of force. Therefore, if Defendant violated the Use of Force policy, the jury could make a reasonable inference that his use of force was not objectively reasonable and was excessive.

(Pl.'s Resp. Br. at 5).

The Court agrees with Defendant that the City of Southfield's polices and procedures are not relevant in this action. Moreover, even if they were marginally relevant, the Court would

17

exclude them under Fed. R. Civ. P. 403 because such evidence could confuse the issues for the jury. The jury is to determine whether Defendant used excessive force in violation of Plaintiff's Constitutional rights under the applicable legal standard (i.e., *Graham v. Connor*) – not whether he violated any policy or procedure that the City of Southfield had at the time.

Accordingly, the Court shall preclude Plaintiff from introducing evidence of the City of Southfield's polices, procedures, and guidelines.

### IV. Plaintiff's Objection To Defense Counsel Using Video During Opening Statements

On January 15, 2014, Plaintiff's Counsel orally objected to Defense Counsel playing, during Defendant's opening statement, an approximately four-minute video of the automobile chase that occurred in this action. Plaintiff argues that the video, taken from the police vehicle that was driven by Defendant Matatall on the night in question, is irrelevant and should be excluded.

The Court finds this objection without merit. The "totality of the circumstances" governs every excessive force case. *Hocker v. Pikeville City Police Dept.*, __ F.3d __ , 2013 WL 6608308 at * 5 (6th Cir. Dec. 17, 2013). The Court finds that, under *Graham v. Connor*, the video is admissible as evidence, in order to provide the jury with a full account of the totality of the facts and circumstances Defendant encountered on the date at issue.

### CONCLUSION & ORDER

For the reasons set forth above, IT IS ORDERED that Plaintiff's Motion in Limine (Docket Entry No. 50) is GRANTED IN PART AND DENIED IN PART. The Court GRANTS the motion to the extent that the Court PRECLUDES the admission of the following evidence at trial: 1) evidence of Plaintiff's 2007 felony conviction for destroying property (and any

incarceration relating to same); and 2) Plaintiff's juvenile conviction for disturbing the peace (and any incarceration relating to same). Plaintiff's motion is DENIED in all other respects and the Court RULES that Plaintiff's convictions for driving without a license, resisting arrest, fleeing and eluding, and possession of marijuana are admissible at trial. In addition, the Court RULES that evidence as to Plaintiff's marijuana use is relevant.

The shall GRANT Defendant's Motion in Limine (Docket Entry No. 46) and hereby PRECLUDES the admission of the following evidence at trial: 1) evidence of other civil litigation, or complaints, involving Defendant Matatall; and 2) the City of Southfield's policies, procedures, and guidelines.

IT IS FURTHER ORDERED that Plaintiff's oral objection to Defense Counsel's use of a video tape during opening statements is OVERRULED.

IT IS SO ORDERED.

                                                        S/Sean F. Cox
                                                        Sean F. Cox
                                                        United States District Judge

Dated: January 15, 2014

I hereby certify that a copy of the foregoing document was served upon counsel of record on January 15, 2014, by electronic and/or ordinary mail.

                                                        S/Jennifer McCoy
                                                       Case Manager